MORRIS GOLDMAN *v.* SYDNEY ALDERMAN ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 8—decided November 30, 1965

*Mitchell W. Garber,* for the appellant (plaintiff).

*George E. McGoldrick,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellees (defendants).

PER CURIAM. This is an action in two counts for damages for personal injuries suffered by the plaintiff, a tenant of a multiple tenement house owned by the defendants, in two falls on their premises. The first fall was on November 29, 1957, and the second fall was on January 14, 1958. The plaintiff alleged serious and permanent injuries.

The plaintiff had been injured previously in two

bicycle accidents on May 10, 1953, and on September 25, 1953. He had brought two separate lawsuits for his injuries, one of which was settled and the other tried to the court in 1960. Judgment was rendered for the plaintiff and damages awarded.

The plaintiff claimed to have been in substantially good health prior to November 29, 1957, to have worked steadily and to have had no stomach pains, headaches or other injuries claimed in the instant action. The defendants offered evidence to prove and claimed to have proved that the injuries and back condition which the plaintiff alleged he had suffered in these falls were the result of the prior bicycle accidents for which he had been treated and hospitalized on many occasions. In connection therewith, they offered in evidence a memorandum of decision filed in the action tried to the court in 1960. It was admitted without objection. The defendants' counsel stated that the memorandum of decision was offered for the comments therein on the plaintiff's physical condition when the case was tried in 1960.

The plaintiff's only claim here is that the memorandum of decision was inadmissible and that the court should have excluded it, suo motu. No such burden rested on the trial court. It was the plaintiff's responsibility to object if he considered the memorandum inadmissible. Failure to do so waived any right to claim error.

There is no error.